AMERICAN LIFE & ACCIDENT INS. Co., Plaintiff-Appellee, v. JONES, Admr., Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4124. Decided December 21, 1948.

Wright, Harlor, Purpus, Morris & Arnold, Columbus, for plaintiff-appellee.

Hugh S. Jenkins, Atty. Genl., John M. Woy, M. L. Schellinger ·and Roland B. Lee, Asst. Attys. Genl., Columbus, for defendant- .appellant.

**OPINION**

By MILLER, J.

This is an application for rehearing for the reason that the Court was in error in holding that the agents of the appellee were employees under the provisions of the Unemployment Compensation Act. Upon further consideration we find that we relied too heavily upon §1345-1-c-D GC as determinative of the issue. It was held in the case of **Motor Freight v. Ebright, 143 Oh St at p. 136,** that,

"* * * these provisions are not intended as a substitute definition of 'employment'. These tests do not serve to widen the scope of the term 'employment' as used in the statute so as to include therein persons not otherwise included, but their function is to exclude from the definition of the term 'employment' persons who might, except for the application of these tests, be included therein."

This section of the statute does not extend the common law definition which must be given application. In determining whether a relationship is that of master and servant or an independent contractor, the principal test that must be applied is whether or not the employer reserves the right to control the manner or means of doing the work, and if so, the relationship is that of master and servant. On the other hand, if the manner or means is left to the operative who is responsible to the employer for the result only, an independent contractor relationship exists. **Gillman v. Industrial Commission, 141 Oh St 373.** The test is well stated in Ohio Jurisprudence as follows:

"* * * the control over the work performed is the vital test in determining whether one is an independent contractor or a mere servant. If the employer has no control over the work, or the persons by whom it is executed, the relation is that of employer and contractor. A mere reservation of the right to supervise or inspect work during its performance does not negative the existence of an independent contractor relationship, but if the employer retains the power of superintending the work, and directing it to be done in such manner as he sees fit, his liability is the same as in the ordinary case of master and servant, as the contractor is simply his agent and servant, and not an independent contractor." **26 O. Jur. p. 624.**

See also, **State v. Smith, 79 Oh Ap 469.**

The record in the instant case discloses that the appellee retained no control over its agents in the manner or method by which the work was done, but was only interested in the results obtained. They were compensated entirely on a commission basis and in the performance of their work were masters of their own time and effort. Under this state of facts we hold that the appellee is not liable for contributions to the Unemployment Compensation Fund.

Considering next the application for refund of the premiums paid into the fund, the record discloses that during the year 1940 the sum of $3907.86 was paid into the fund; that on December 2, 1943, a claim for a refund of this amount was filed which was disallowed on January 10, 1944, and an application to reconsider was overruled on November 1, 1944. No appeal was taken to the Franklin County Common Pleas Court within thirty days after issuing the order as provided by §1345-4-c-4-G, GC and this order therefore became final. The procedure herein provided is exclusive as to the time allowed for seeking relief in the Common Pleas Court.

The record shows further that the appellee paid into the fund during the years 1941, 1942, 1943, 1944, 1945 and 1946 (two quarters), the sum of $15,458.93, for which an application for a refund was filed on October 3, 1946, which has never been ruled upon. This action was instituted on December 14, 1944. Therefore the four year limitation has not run against these payments and they should be refunded.

Rehearing granted, and judgment will be rendered for the plaintiff in accordance with our original decision and the modifications heretofore indicated.

WISEMAN, PJ, and HORNBECK, J, concur.